UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF FLORIDA
PENSACOLA DIVISION

SHELDON LEE HUTCHINS,

    Plaintiff,

v.                                                          CASE NO. 3:20-cv-5952/MCR/ZCB

DAVID MICHAEL ROWELL, et al.,

    Defendants.

_____/

### DEFENDANT JOHN PENDLETON II MOTION TO DISMISS PLAINTIFF'S FIFTH AMENDED COMPLAINT

Defendant John Pendleton, pursuant to Fed. R. Civ. Pro. 12(b)(6) and N.D. Fla. Local R. 7.1 moves to dismiss Plaintiff's Fifth Amended Complaint (ECF 30) and in support states:

As set for in Defendants' Hays, Rowell, Schultz, and Campbell's Motion to Dismiss (ECF 44)[1] Plaintiff fails to state a claim upon which relief can be granted as all force allegedly utilized by Defendant Pendleton against Plaintiff was reasonable under the circumstances he confronted. Specifically, as it relates to Defendant Pendleton, Plaintiff alleges the following acts constituted excessive force:

1. Participated in restraining Plaintiff and holding him down. [ECF 30, pg. 13].

---

[1] Defendant Pendleton incorporates the argument and memorandum section of Doc 44 as if fully set forth herein.

2. Participated in placing g Plaintiff in the restraint chair. [Id.]

3. Stuck the Plaintiff twice in the face causing the plaintiff loose bodily fluids from his nose and mouth. [Id.]

As alleged in the Fifth Amended Complaint, and set forth in Exhibit A thereto, from the time Plaintiff arrived at the jail through the time he was placed in an ambulance to be transported for medical care, Plaintiff maintained a plastic baggie of drugs in his mouth and repeatedly ignored commands to spit it out from multiple deputies. When looking at the relationship between the need for and the amount of force used, federal courts have routinely held that officers can use a higher level of force to prevent an arrestee from swallowing or ingesting drugs. *Johnson v. Rogers*, No. 3:10-cv-50-wkw, 2012 WL 3231327, at *8 (M.D. Ala. July 11, 2012) (a chokehold was not unconstitutional when it was believed a suspect had crack cocaine in his mouth); *German v. Sosa*, 399 Fed. Appx. at 557; *Williams v. Bramer,* 180 F.3d 699, 704 (5th Cir. 1999) (an officer can search a suspect's mouth for drugs); *United States v. Caldera,* 421 F.2d 152, 153 (9th Cir. 1970) (officers may use reasonable force to prevent a suspect attempting from swallowing drugs); *Espinoza,* 278 F.2d at 804 (federal officers who, without a warrant, obtained drug evidence from defendant's mouth as he was attempting to swallow and destroy the evidence "by grabbing the defendant

about the throat," and "attempting to pry open his mouth by placing pressure against his jaw and nose," defendant's claim of excessive force was meritless).

In addition, Defendant Pendleton's use of distractionary strikes to plaintiff's person were likewise in direct response to Plaintiff's physical resistance as deputies were attempting to Plaintiff in a restraint chair. As Deputy Pendleton was holding Plaintiff's head area while other deputies attempted to apply soft restraints to secure Plaintiff, Plaintiff broke free of deputies hold and grabbed Deputy Pendleton's right wrist. [ECF 30-1 pg. 6]. This is not a case where Deputy Pendleton used gratuitous force against a non-resisting, handcuffed Plaintiff, situations in which the Eleventh Circuit has found punching an arrestee to be unconstitutional. *Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir 2008). Rather, Defendant Pendleton's use of two distractionary strikes were a direct result of Plaintiff's physical resistance, and use of physical force against Deputy Pendleton's lawful efforts to restrain Plaintiff after he refused lawful orders to spit out a bag of methamphetamine from his mouth.

As all force utilized against Plaintiff was reasonable under the circumstances, Defendant Pendleton is entitled to qualified immunity as to all claims brought against him.

## Conclusion

All use of force by Defendant Pendleton was reasonable under the circumstances. Further, Defendant Pendleton is entitled to qualified immunity as the law was not clearly established that the force used by him was clearly excessive under the circumstances.

Respectfully submitted this 19th day of January 2023.

/s/ *Zackery A. Scharlepp*



Zackery A. Scharlepp, (FBN: 0085374)
zascharlepp@coppinsmonroe.com
jclark@coppinsmonroe.com
cmarchena@coppinsmonroe.com

COPPINS MONROE, P.A.
1319 Thomaswood Drive, Tallahassee, FL 32308
Office: 850-422-2420
Fax: 850-422-2730
ATTORNEYS FOR DEFENDANT
JOHN ROBERT PENDLETON II

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ *Zackery A. Scharlepp*
Attorney