UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHELDON LEE HUTCHINS,
    Plaintiff,

vs.                                  Case No.: 3:20cv5952/MCR/ZCB

DAVID MICHAEL ROWELL, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This prisoner civil rights case is before the Court on Plaintiff's motion for a preliminary injunction. (Doc. 185). Defendants oppose the motion. (Doc. 188). For the reasons below, Plaintiff's motion should be denied.

## I. Background

Plaintiff is a Florida Department of Corrections (FDOC) prisoner who is currently incarcerated at Lawtey Correctional Institution. His *pro se* civil rights complaint names six deputies with the Santa Rosa County Sheriff's Office (some current, some former) as Defendants. (Doc. 30). Plaintiff asserts Defendants violated his Fourteenth Amendment rights by using excessive force while booking him into the

1

Santa Rosa County jail on April 17, 2019. Plaintiff seeks compensatory and punitive damages against Defendants in their individual capacities.[1]

Plaintiff's motion for preliminary injunction alleges he filed a postconviction challenge to his criminal judgment in the Florida First District Court of Appeal (specifically, a petition alleging ineffective assistance of appellate counsel). (Doc. 185). Plaintiff speculates that if the appellate court grants his petition, then the court will send his criminal case back to the trial court in Santa Rosa County. Plaintiff further speculates that if that happens, then he would be transferred to the Santa Rosa County Jail while postconviction proceedings occur. He alleges that four of the six Defendants would have "access" to him at the jail.[2] Plaintiff alleges that the possibility of being housed at the jail is causing him fear, and that he would suffer "additional burdensome worry" if this fear became a reality. He requests an order directing Defendants to stay 1,000 feet away from him.

---

[1] The Court previously dismissed Plaintiff's official capacity claims. (Doc. 144).

[2] Plaintiff acknowledges that two Defendants, Defendants Nowlin and Pendleton, are no longer employed by the Santa Rosa County Sheriff's Office. (Doc. 185 at 2).

Defendants oppose Plaintiff's motion. (Doc. 188). They argue that the motion is based on speculation and hypothetical scenarios that are not real and immediate. They contend Plaintiff has not established a real and imminent threat of future injury, which is a critical requirement for obtaining temporary injunctive relief.

## II. Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). The "irreparable injury" element is one of the "most critical"; and a showing of "some possibility of irreparable injury" is not enough to satisfy it. *Niken v. Holder*, 556 U.S. 418, 434-35 (2009). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing*

*Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

Plaintiff has not established the "irreparable injury" requisite for preliminary relief because his assertion that he will be transferred to the Santa Rosa County Jail is based on pure speculation. Plaintiff speculates, without any supporting facts, that the state appellate court will grant postconviction relief. He further speculates that the relief will necessarily take the form of further proceedings in the trial court as opposed to a second appeal.[3] And he speculates that he will be housed at the Santa Rosa County Jail, instead of an FDOC facility, during those proceedings.[4]

Although Plaintiff's allegations may show a possibility that he will suffer injury if a preliminary injunction is not granted, that is not enough. *Winter v. NRDC*, 555 U.S. 7, 22 (2008) (explaining that issuing

---

[3] *See Gisi v. State*, 848 So. 2d 1278, 1283 (Fla. 2d DCA 2003) (partially granting petition alleging ineffective assistance of appellate counsel and instructing trial court to appoint appellate counsel to file brief on issues that should have been raised in first appeal).

[4] As Defendants point out, when Plaintiff was previously transported for court proceedings, he was housed at Santa Rosa Correctional Institution (an FDOC institution), not the Santa Rosa County Jail. (Doc. 188 at 6-7).

a preliminary injunction "based only on a possibility of irreparable harm" would be "inconsistent" with treating a preliminary injunction as an extraordinary remedy"). Plaintiff must establish that irreparable injury is actual and imminent. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (emphasizing that "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent."). Plaintiff has not met that burden. Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief (Doc. 185) be **DENIED**.

At Pensacola, Florida this 15th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.