UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHELDON LEE HUTCHINS,

     Plaintiff,

v.                                                  Case No.:  3:20cv5952/MCR/ZCB

DAVID MICHAEL ROWELL, et al.,

     Defendants.

_____/

## ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R") on April 24, 2024, ECF No. 193, recommending that the undersigned deny summary judgment motions in this excessive force suit filed by Plaintiff Sheldon Lee Hutchins against the Defendants, who are Santa Rosa County Deputies.  The Court furnished the parties a copy of the R&R and afforded them an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Defendant Deputies Eric Hays, Patrick Campbell, Aaron Christopher Nowlin, David Rowell, Kurt Schultz, and John Robert Pendleton, II, objected.  *See* ECF Nos. 194, 195.  Hutchins was given an extended deadline for filing objections but to date, he has not filed an objection, and the time for doing so has passed.

1

When reviewing a magistrate judge's R&R on a dispositive matter, the Court reviews *de novo* all aspects to which a party has specifically objected and "may accept, reject, or modify, in whole or in part, the findings or recommendations made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007) ("the district court is generally free to employ the magistrate judge' findings to the extent that it sees fit"). Having made a *de novo* determination of all timely filed objections, the objections are overruled and the R&R is adopted.as

The undisputed facts, briefly restated for purposes of discussion, include that on April 17, 2019, Hutchins was arrested for driving with a suspended license.  He was booked at the Santa Rosa County Jail, but during the intake process, he had something in his mouth that he refused to spit out.  No force was used in the Intake Room, as reflected on video, but Hutchins alleges that the Deputies used excessive force when he was taken to a Change Out Room, where there was no video.  He contends he was punched twice by Deputy Pendleton, suffered multiple taser strikes by Deputy Hays and Deputy Pendleton while being held down by Deputy Rowell, that he was pepper sprayed directly into his eye by Hays and Pendleton while Deputy Nowlin held his eye open, that Sergeant Campbell applied a choke hold and ordered a taser strike due to Hutchins's continued refusal to comply with the command to

2

spit out what was in his mouth, and that Deputy Rowell and Deputy Shultz observed the excessive force and failed to intervene. According to Hutchins, he was restrained, did not resist, and was unable to comply because he was convulsing or seizing due to an overdose. He finally spit out an empty plastic baggie that had contained methamphetamine. EMS took Hutchins to the hospital with overdose symptoms. Hutchins posted a cash bond while in the hospital, was released from the hospital on April 20, 2019, and was re-booked in the jail on May 1, 2019. Hutchins never filed a grievance over the incident.

In the R&R, the Magistrate Judge correctly noted that under the Prison Litigation Reform Act of 1996 ("PLRA"), exhaustion of available administrative remedies is mandatory before a prisoner is permitted to bring a § 1983 action in a federal court. 42 U.S.C. § 1997e(a). The Supreme Court has rejected a "special circumstances" exception to exhaustion but explained that a prisoner need only exhaust remedies that are "available." *Ross v. Blake*, 578 U.S. 632, 635–36 (2016).

The Defendants argued that Hutchins failed to exhaust available administrative remedies, but the R&R rejected the argument, finding that in fact the jail's procedures were *not* "available" to Hutchins. The Defendants object that this decision is not supported by the record. The undersigned disagrees. The Inmate Handbook provides that the grievance procedures apply to "inmates" (which

3

includes "detainees").  Inmates have 7 days to file a grievance but up to 14 days to file "from the date of the incident" in the event of an emergency or "extenuating circumstance."[1]  ECF No. 163–6 at 2.  Hutchins was arrested on April 17, 2019, and immediately sent to the hospital.  He bonded out on April 20, 2019, but was re-booked on May 1, 2019, at 11:37 p.m., approximately 20 minutes shy of the 14-day window allowed for filing a grievance based on this incident.  Hutchins therefore was not an "inmate" for most of that time, and the Magistrate Judge found it was undisputed that when he was re-booked, he did not have access to the electronic kiosk system for filing within those 20 minutes remaining in the 14-day period, nor was he yet admitted into a pod where he could have requested a hard copy of the form from a pod deputy.  Thus, the grievance procedure therefore was not "available" to him within the meaning of the PLRA.

The Defendants argue that nothing prevented Hutchins from walking into the jail while he was out on bond to obtain a grievance form prior to the expiration of the 14 days, even though he was not an inmate.  They further argue that, contrary to

---

[1] The procedure states that a grievance form may be submitted by hard copy or the kiosk and that "forms may be obtained from any Pod Deputy upon request."  ECF No. 163–6 at 2.  An inmate has 7 days after the incident to file or, "[i]n the event of emergencies, or if extenuating circumstance[s] arise, the complainant inmate shall have an additional 7 days, *for a total of 14 days from the date of the incident*, to file a grievance."  *Id.* (emphasis added).

the Second Circuit case on which the R&R relies, Hutchins *never* filed a grievance.[2]

Consequently, they argue, he failed to exhaust the available procedures, and the

R&R merely speculates that the grievance would have been denied as untimely. This

argument misses the point. Because the policy only applies to "inmates," and

nothing suggests that a non-inmate would be subject to the grievance procedure as

defined in the Inmate Handbook, the policy was, practically speaking, incapable of

use by a non-inmate and thus unavailable to Hutchins.

The undersigned also rejects the Defendants' qualified immunity arguments.

Defendants contend that the Magistrate Judge erred by failing to address the conduct

of each individual deputy and argue that each deputy's conduct was reasonable

because Hutchins continued to resist and refused to obey the command to spit out

what he held in his mouth (which turned out to be a bag that had contained meth).

A review of the R&R, however, shows that the details were considered. The R&R

acknowledges that there is no video of the Change Out Room where the use of force

allegedly occurred and that Hutchins admitted he could not see the officers because

they were behind his back. Nonetheless, the R&R details that Hutchins "recalled

---

[2] The R&R cites *Rucker v. Giffen*, 997 F.3d 88, 90 (2d Cir. 2021), which held that a grievance procedure with a 5-day window and no exceptions for medical emergencies was "unavailable" to a plaintiff who had been hospitalized for over a month; also, when the plaintiff did file a grievance almost a year later, it was denied as untimely. *Id.* at 90–94.

being 'thrown' to the ground while handcuffed behind his back, placed in a 'chokehold,' having his eyes pried open while pepper spray was applied to his face, being tasered repeatedly, being physically struck, and being tasered after he was in the restraint chair." ECF No. 193 at 22. Defendants would have the Court make credibility determinations. Hutchins's sworn complaint puts names together with actions based on the incident reports and taser logs, attributes specific actions to each deputy, and asserts he could not respond to commands because he was convulsing due to an overdose—for which he was sent to the hospital. The R&R discusses how Hutchins's version conflicts with the accounts of the Defendants,[3] which is supported by the record, and aptly notes: "Clearly somebody is telling the truth and somebody is not. But it is the jury's job to decide which party is Pinocchio." ECF No. 193 at 29.

Defendants also argue they are at least entitled to partial summary judgment given the Magistrate Judge's conclusion that there was no use of force in the Intake Room. This evidentiary observation, however, does not resolve a claim—the claim alleges excessive force during the intake process as a whole; it is not tied to a particular room.

---

[3] For instance, the Magistrate Judge notes that Deputy Hays testified he used the taser only twice whereas Hutchins recalled multiple taser strikes, which is corroborated by the taser logs showing seven taser strikes by Deputy Hays.

Deputy Rowell objects to the R&R on grounds that he cannot be liable for failing to intervene because he was the arresting deputy, not a *detention* deputy, and he was not present in the Change Out Room for the entire period of time during which the alleged use of force occurred.  As the Magistrate Judge noted, however, the video shows Rowell going in and out of the Change Out Room several times during the 13-minute period when the use of force incidents occurred.  The video also shows him looking into the room several times, and it is clear from the video as well as his own admission that he observed Hutchins being punched twice by another deputy and did nothing, and he saw Hutchins pepper sprayed and tasered.  Moreover, in Hutchins's sworn complaint, he states that Rowell actively held him down so that Hays could inflict injuries.  Questions of fact remain, and the objection is overruled.

Having fully reviewed the R&R, all of the parties' arguments, and the record, the undersigned overrules all objections and adopts the R&R.

Accordingly:

1     The Magistrate Judge's Report and Recommendation, ECF No. 193, is adopted and incorporated by reference in this order, and all objections are overruled.

2.     Defendants' motions for summary judgment, ECF Nos. 164, 165, 166, are **DENIED**.

3.     Plaintiff's motion for summary judgment, ECF No. 170, is **DENIED**.

7

4.    The case is referred back to United States Magistrate Judge Bolitho for a pretrial settlement conference to be scheduled within 40 days and for all pretrial preparations.

**DONE AND ORDERED** this 15th day of August 2024.


*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**